IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Noble Shaheed Allah-El,           :

        Plaintiff           :           Civil Action 2:05-cv-447

 v.           :           Judge Marbley

State of Ohio ,           :           Magistrate Judge Abel

        Defendant           :

## Initial Screening Report and Recommendation

Plaintiff Noble Shaheed Allah-El brings this civil rights action under 42 U.S.C. §1983. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).  The Magistrate Judge finds that the complaint fails to state a claim against the State of Ohio and, therefore, recommends dismissal of the complaint.

The complaint alleges that a court order was issued by the State of Ohio and its collection agency Ohio S.S.P.C. to garnish plaintiff's wages.  Plaintiff seeks an order from this court countermanding the garnishment order.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal

Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Moreover, *pro se* prisoner complaints must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Analysis. Under the Eleventh Amendment to the Constitution of the United States, the State of Ohio and its agencies are immune from suit. *Foulks v. Ohio Depart-ment of Rehabilitation and Correction,* 713 F.2d 1229, 1232-33 (6th Cir. 1983). Further, suit may be brought under 42 U.S.C. § 1983 only against "persons" who, acting under color of state law, deprive the plaintiff of a constitutional right. The State of Ohio is not a "person" within the meaning of § 1983. *Mumford v. Zieba,* 4 F.3d 429, 435 (6th Cir. 1993).

Moreover, the complaint fails to explain why the court order plaintiff challenges violates federal law. Apparently, a court of competent jurisdiction issues a child support order. That order became the basis for a child support action in Florida garnisheeing plaintiff's wages or other income. If plaintiff believes that the court child support order should be set aside, then his remedy is to move in the appropriate Ohio court to set it aside. If he believes that there is some deficiency in the garnishment, he should attack the garnishment in the appropriate Florida court having jurisdiction over it.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED

because the State of Ohio is immune from suit and because it fails to state a claim under 42 U.S.C. §1983.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel
United States Magistrate Judge