IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Noble Shaheed Allah-El, | : | |
| Plaintiff | : | Civil Action 2:05-cv-447 |
| v. | : | Judge Marbley |
| State of Ohio , | : | Magistrate Judge Abel |
| Defendant | : | |

# Order

Plaintiff Noble Shaheed Allah-El brings this civil rights action under 42 U.S.C. §1983. This matter is before the Court on plaintiff's objections to the Magistrate Judge's May 9, 2005 Report and Recommendation that the complaint be dismissed on initial screening under 28 U.S.C. §1915(e)(2). *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

The Magistrate Judge found that the complaint failed to state a claim against the State of Ohio and, therefore, recommend that it be dismissed. The complaint alleges that a court order was issued by the State of Ohio and its collection agency Ohio S.S.P.C. to garnish plaintiff's wages. Plaintiff seeks an order from this court countermanding the garnishment order.

Upon *de novo* review as required by 28 U.S.C. § 636(b)(1)(B), the Court OVERRULES plaintiff's objections and ADOPTS the Report and Recommendation. As the Magistrate Judge found the Eleventh Amendment to the Constitution of the United States immunizes the State of Ohio and its agencies from suit under 42 U.S.C. § 1983. *Foulks v. Ohio Depart-ment of Rehabilitation and Correction,* 713 F.2d 1229, 1232-33 (6th Cir. 1983). Further, the State of Ohio cannot be sued under the Civil Rights Act because it is not a "person" within the meaning

of § 1983. *Mumford v. Zieba,* 4 F.3d 429, 435 (6th Cir. 1993).

Moreover, the complaint fails to explain why the court order plaintiff challenges violations federal law. Apparently, a court of competent jurisdiction issues a child support order. That order became the basis for a child support action in Florida garnisheeing plaintiff's wages or other income. If plaintiff believes that the court child support order should be set aside, then his remedy is to move in the appropriate Ohio court to set it aside. If he believes that there is some deficiency in the garnishment, he should attack the garnishment in the appropriate Florida court having jurisdiction over it.

Accordingly, the Court DIRECTS the Clerk of Court to enter JUDGMENT dismissing this case on initial screening for failure to state a claim against the sole defendant, the State of Ohio. this action is hereby DISMISSED.

    s/Algenon L. Marbley
Algenon L. Marbley, Judge
United States District Court